# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL D. PAHUTSKI,<br>               Petitioner<br><br>   vs.<br><br>MARC A. KIRBY *Warden*; UNITED<br>STATES OF AMERICA,<br>               Respondents. | Civil Action No. 14-270J<br>Judge Kim R. Gibson/<br>Chief Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition purportedly filed pursuant to 28 U.S.C. § 2241 for Writ of Habeas Corpus (the "Petition"), be dismissed pre-service for failing to show that it is jurisdictionally proper. A certificate of appealability should be denied.

### II. REPORT

**A. Introduction**

Michael D. Pahutski ("Petitioner") is a federal prisoner currently incarcerated in the Federal Correctional Institution at Loretto ("FCI-Loretto").

In the instant Petition, Petitioner seeks to utilize a Section 2241 habeas petition to challenge the validity of his conviction under 18 U.S.C. §1346 for "honest-services theft" based on his argument that the decision by the United States Supreme Court in Skilling v. U.S., 561 U.S. 358 (2010)[1] renders him actually innocent of the conviction. Petitioner's conviction was

---

[1] Although not necessary to the disposition here, we note that the holding of Skilling was that in order to be convicted under 18 U.S.C. §1346 of theft of honest services, there must be proof that the accused accepted bribes or kickbacks. Petitioner's argument herein is that he was not accused of accepting bribes or kickbacks and therefore was actually innocent of a conviction under 18 U.S.C. §1346. We note though that Petitioner was not only convicted of violating

(footnote continued . . .)

obtained in the United States District Court for the Western District of North Carolina. Because Petitioner fails to show that he had no prior opportunity to challenge his convictions under Skilling, given that Skilling was decided on June 24, 2010, and Petitioner was not sentenced until May 12, 2011, Petitioner fails to carry his burden to show that he is permitted to utilize a Section 2241 in order to attack the validity of his conviction.

**B. Rule 4 - Pre-Service Dismissal**

Even though the Respondents have not been formally served with process yet, this Court may, pursuant to Rule 4 of the Rules Governing Section 2254 cases ("Rule 4"),[2] dismiss the Petition if it plainly appears on its face that the Petitioner is not entitled to relief under habeas. Rule 4 provides in relevant part that:

> The clerk must promptly forward the [habeas] petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not

---

Section 1346 but also convicted of other crimes as well, including: 18 U.S.C. §§371; 956(h); 957; 1014; 1341; and 1344. U.S.A. v. Pahutski, No. 3:07-cr-0211 (W.D.N.C.). It is not clear whether Petitioner is arguing that Skilling renders him actually innocent of the convictions other than his conviction under Section 1346 but it does not matter to the disposition of this case, given that no matter what he argues, Skilling was available to him long before he ever brought a Section 2255 motion. Because Skilling was available to him before he filed his Section 2255 motion, he may not now utilize a Section 2241 petition to attack any of his convictions.

[2] "Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *Howard v. Haley*, 2001 WL 303534, * 1 (S.D. Ala. March 8, 2001); *Howard v. Certain Unnamed Aircraft Pilots*, 1995 WL 431150, * 2 (N.D. Ill. July 18, 1995). Because the petition is facially insufficient, it will be dismissed." Perez v. Hemingway,157 F.Supp.2d 790 (E.D. Mich. 2001). Accord United States v. Recinos-Gallegos, 151 F.Supp.2d 659 (D. Md. 2001) (dismissing petition construed as Section 2241 pursuant to Rule 4). See also Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001)("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241. See Rule 1(b) of the 2254 Rules"); Ukawabutu v. Morton, 997 F.Supp. 605, 608 n.2 (D.N.J. 1998)("I refer to these rules [i.e., Rules Governing Section 2254 Cases] as the 'Habeas Corpus Rules' because they apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F.Supp. 348, 352 (S.D. W.Va. 1997)("the Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases. . .").

entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 state that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering court records and/or opinions, a federal habeas court may, under Rule 4, take judicial notice of those court records, dockets and/or court opinions as well as its own court records. See, e.g., Barber v. Cockrell, 4:01–CV–0930, 2002 WL 63079, at *1 n.4 (N.D.Tex. Jan. 8, 2002)(in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."). In disposing of this Petition, we take judicial notice of the proceedings in Petitioner's conviction, direct appeal and Section 2255 proceedings and conclude that from the face of the Section 2241 Petition and these public records, Petitioner is not entitled to relief.

In the case at issue, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Petition should be dismissed pre-service because Petitioner fails to carry his burden to show that he is permitted to utilize Section 2241 in order to challenge his conviction given that he cannot show he had no prior opportunity to raise the claim he now seeks to raise herein.

## C. Discussion

Petitioner, who was a mortgage loan broker, pleaded guilty in 2009, to charges that he engaged in fraudulent conduct relating to mortgage applications and he was sentenced in 2011 to *inter alia*, 228 months of imprisonment. Although Petitioner filed a direct appeal, the United States Court of Appeals for the Fourth Circuit affirmed his conviction. United States v. Pahutski, No. 11-4536 (4th Cir. 2/9/2012). Petitioner filed a pro se Section 2255 motion on May 5, 2012, which was denied by the District Court on May 28, 2014. Pahutski v. U.S.A., No. 3:12-cv-0308 (W.D.N.C. ECF No. 35). The United States Court of Appeals for the Fourth Circuit denied a Certificate of Appealability on October 24, 2014. U.S.A. v. Pahutski, No. 14-6890 (4th Cir.).

Now, Petitioner seeks to attack the validity of his conviction via this Section 2241 Petition which was filed on December 12, 2014. However, as a general rule, attacks on the validity of the conviction are properly brought under a Section 2255 motion. In re Nwanze, 242 F.3d 521, 523 (3d Cir. 2001) ("ordinarily a petitioner should advance a challenge to a conviction and sentence through the means of a motion under section 2255 in the sentencing court.").

In contrast, as a general rule, a petition under Section 2241 is properly brought where the petitioner is seeking to challenge the carrying out or the execution of his sentence (e.g., the calculation of good time credits, the running of the sentence, the calculation of the ending date, etc.). Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Bennet v. Soto, 850 F.2d 161 (3d Cir. 1988), superceded by statute on other grounds as recognized by, Callwood v. Enos, 230 F.3d 627 (3d Cir. 2000); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). However, this is only a general rule and there are instances where a Section 2241 petition which attacks the validity of the conviction, as Petitioner herein does, may properly be brought. However, a Section 2241 Petition, which attacks the validity of the conviction may only be

brought after it has been shown that Section 2255 is an inadequate or ineffective remedy. See 28 U.S.C. § 2255 (5th paragraph); In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997). The statutory provisions governing this case provides in pertinent part that

> [a]n application for a writ of habeas corpus [i.e., a Section 2241 petition[3]] in behalf of a prisoner who is authorized to apply for relief by motion [i.e., Section 2255 petition] pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.[4] Thus, before petitioners can avail themselves of a Section 2241 petition in order to attack the validity of their conviction, they must show that section 2255 is inadequate or ineffective. Pack v. Yussuf, 218 F.3d 448, 452 (5th Cir. 2000)("Accordingly, a section 2241 petition that seeks to challenge a federal sentence or conviction–thereby effectively acting as a section 2255 motion–may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective.") (citations omitted). It is the burden of the Petitioner to prove that Section 2255 is inadequate or ineffective. Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999)("It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.")(per curiam).

---

[3] Alamin v. Gerlinski, 30 F.Supp.2d 464, 467 (M.D. Pa. 1998)(construing the language "application for a writ of habeas corpus to mean a Section 2241 petition, noting that the above quoted passage "allows the filing of a habeas (i.e., a 2241) petition when relief under section 2255 'is inadequate or ineffective to test the legality of [the] detention.'" ); United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000) (describing this quoted passage as "the limitation on the use of § 2241 petitions by federal prisoners that is set forth in § 2255").

[4] This passage which permits an attack on the conviction or on the imposition of a sentence via a Section 2241 petition where a Section 2255 petition would be inadequate or ineffective is commonly referred to as the "savings clause." Pack v. Yussuf, 218 F.3d 448, 452 (5th Cir. 2000), or as the "safety valve." United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000), *on reh'g*, 245 F.3d 291 (3d Cir. 2001).

In the landmark case of In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997), the United States Court of Appeals for the Third Circuit explained that a federal prisoner seeking to show that Section 2255 is inadequate, and who claims to be actually innocent of the crimes of conviction, as Petitioner does herein, may prove that a Section 2255 motion is inadequate or ineffective and thereby utilize a Section 2241 petition in order to attack the validity of a conviction where the federal prisoner shows both: 1) that he is in fact actually innocent of the crime and 2) that he had no prior opportunity to bring the challenge to his conviction because of a change in the law rendered him actually innocent and the change in the law occurred after his Section 2255 proceedings were completed. Thus, while a claim of actual innocence appears to be a necessary condition for coming within the narrow Dorsainvil exception, it does not appear to be a sufficient condition because run-of-the-mill actual innocence claims *a la* Schlup v. Delo, 513 U.S. 298, 327 (1995) or Herrera v. Collins, 506 U.S. 390 (1993) are not sufficient. See, e.g., Galloway v. Samuels, No. 07-3257, 2007 WL 2904196, *4 (D.N.J., Oct. 3, 2007)("Under the circumstances presented here, Petitioner's claim of 'actual innocence' is not sufficient to overcome the gatekeeping mechanism of § 2255." ). It must be not only a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a Court, having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal. See, e.g., Walker v. Williamson, 235 F. App'x 888, 889 (3d Cir. 2007)("Further, the 'safety valve' by which a prisoner may bypass § 2255 when it is 'inadequate or ineffective to test the legality of his detention,' is extremely narrow and applies to the unusual situation in which a prisoner had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an

intervening change in law. *See Okereke*, 307 F.3d at 120 (*citing In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). Such is not the case here.").

In this case, Petitioner maintains that the United States Supreme Court decision in Skilling constitutes such a case that renders him actually innocent of the honest-services theft conviction. For the present purpose of deciding this Petition, we may even assume the truth of Petitioner's contention that the effect of Skilling is to render him actually innocent. However, he fails to show that he satisfies the second prong of Dorsainvil, i.e., that he had no prior opportunity to bring his claim under Skilling.

The United States Supreme Court decided Skilling on June 24, 2010. Petitioner pleaded guilty to the charges on March 3, 2009, before Skilling was decided. U.S.A. v. Pahutski, No. 3:07-cr-0211 (W.D.N.C. ECF No. 188). Petitioner's judgment of sentence was not formally entered until May 12, 2011, after Skilling was decided. Id. (ECF No. 398). Petitioner then filed an appeal but apparently did not raise any argument under Skilling notwithstanding the fact that Petitioner had the argument that Skilling rendered him actually innocent of the crimes available to him at the time of his direct appeal. Moreover, not only did Petitioner have available to him in his Section 2255 proceedings the argument that Skilling rendered him actually innocent of the conviction for theft of honest services but he actually raised (belatedly)[5] such claims again and again in those proceedings but was simply not successful. See, e.g., Pahutski v. U.S.A., No. 3:12-cv-0308 (W.D.N.C. ECF No. 26, filed 5/10/2013, arguing Skilling is a new decision that renders Petitioner's guilty plea constitutionally invalid); (ECF No. 27 at ¶ 12, filed 5/16/2013, invoking Skilling and asserting that "[it] is no longer a crime as the MOVANT was charged in

---

[5] Although Petitioner does not appear to invoke Skilling in his initial Section 2255 motion, he repeatedly does so in subsequent motions for relief filed during the pendency of the Section 2255 motion.

7

his indictment with regard to §1346 as per Skilling"); (ECF No. 28 at 13 - 17, filed 6/4/2013, asserting that "[t]he intervening law as per Skilling and Black make the charges against his MOVANT no longer a crime" id. at 15); (ECF No. 29, filed 1/7/2014, invoking Skilling and arguing Petitioner's actual innocence of the crime based thereon). Despite these arguments, the District Court denied Petitioner's Section 2255 Motion. We note that Petitioner also invoked the Skilling decision before the United States Court of Appeals for the Fourth Circuit as well, but the Court of Appeals was likewise unpersuaded by Petitioner's arguments that Skilling merited Petitioner any relief. U.S.A. v. Pahutski, No. 14-6890 (4th Cir. Dkt. No. 4 Informal Opening Brief filed on 7/10/2014, invoking Skilling and asserting actual innocence, id. at ¶ 4); (Dkt. No. 10-1, Petition for Rehearing en banc, filed on 11/6/2014). The United States Court of Appeals for the Fourth Circuit denied a Certificate of Appealability on October 24, 2014 and denied the Petition for Rehearing en banc on December 30, 2014. We note that Petitioner, undeterred, has most recently filed a Motion for Relief pursuant to Fed.R.Civ.P. 60 in his Section 2255 proceedings. Pahutski v. U.S.A., No. 3:12-cv-0308 (W.D.N.C. ECF No. 44 filed 12/1/2014, invoking Skilling and asserting actual innocence based thereon).

Because Petitioner had the Skilling decision available to him prior to him ever filing his Section 2255 Motion, and because he actually raised his claims under Skilling in the course of those Section 2255 proceedings, Petitioner cannot meet the second requirement of Dorsainvil to show he had no prior opportunity to raise his claim under Skilling. Accordingly, the Section 2241 petition should be denied as being jurisdictionally improper. See, e.g., Garcia v. Warden Ft. Dix FCI, __ F. App'x __, __, 2014 WL 6891268, at *2 (3d Dec. 9, 2014) ("This claim could have been pursued in Garcia's 1997 § 2255 motion and thus it cannot be said that he had no prior opportunity to bring it."); Coleman v. Samuels, 218 F. App'x 178, 180 (3d Cir. 2007)

8

("Coleman's allegation that he is actually innocent of the predicate conviction set forth in the original indictment is not new and, in fact, was raised and addressed by the Fourth Circuit Court of Appeals on direct appeal and presented again in the § 2255 motion he filed with the District Court for the Western District of North Carolina. Coleman himself acknowledges that the claim he presents in the underlying § 2241 petition is the same claim he has been arguing in the courts of the Fourth Circuit since 1995. . . . The exception identified in *In re Dorsainvil* is, thus, simply inapplicable and Coleman may not seek relief under § 2241.").

### D. Certificate of Appealability

Appeals by a federal prisoner from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). Hence, the Court makes no recommendation concerning a certificate of appealability.

## III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the Petition be dismissed before being served because Petitioner has failed to show that he may properly proceed by means of a Section 2241 petition in order to attack the validity of his conviction.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing

objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                        Respectfully submitted,

Date: January 9, 2015               s/Maureen P. Kelly
                                        MAUREEN P. KELLY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Kim R. Gibson
       United States District Judge

       Michael D. Pahutski
       12411-058
       Loretto Federal Correctional Institution
       Inmate Mail/Parcels
       P.O. Box 1000
       Loretto, PA 15940