# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL D. PAHUTSKI,<br>　　　　　Petitioner<br><br>vs.<br><br>MARC A. KIRBY *Warden*; UNITED<br>STATES OF AMERICA,<br>　　　　　Respondents. | Civil Action No. 14-270J<br>Judge Kim R. Gibson/<br>Chief Magistrate Judge Maureen P. Kelly |

## ORDER

The above-captioned pro se Petition, ostensibly filed pursuant to 28 U.S.C. § 2241 (the "Petition") by Michael D. Pahutski, a federal prisoner, seeking to attack his federal convictions, was received by the Clerk of Court on December 12, 2014 and was referred to Chief Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Chief Magistrate Judge Kelly filed a Report and Recommendation, ECF No. 5, recommending that the Petition be dismissed pre-service pursuant to Rule 4 because Petitioner failed to carry his burden to show that a Section 2241 Petition was jurisdictionally appropriate to attack Petitioner's federal convictions given that he failed to show a Section 2255 Motion was inadequate or ineffective to test the validity of his convictions. Petitioner was informed that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the local rules, he could file objections. After being given an extension of time in which to do so, Petitioner filed his objections on January 28, 2015. ECF No. 9. In addition, on January 30, 2015 Petitioner filed a Motion for Bail pending review of the Petition for Writ of Habeas Corpus, ECF No. 10 and a Brief in Support. ECF No. 11.

Nothing in the objections merits rejection of the Report. Petitioner relied upon the

decision in Skilling v. U.S., 561 U.S. 358 (2010) to assert that he was actually innocent of his convictions. For purposes of deciding the Petition, the Report assumed that Skilling did in fact render Petitioner actually innocent. Report, ECF No. 5 at 7 ("For the present purpose of deciding this Petition, we may even assume the truth of Petitioner's contention that the effect of Skilling is to render him actually innocent."). However, the Report went on to note that the Skilling case was decided on June 24, 2010, after Petitioner pleaded guilty on March 3, 2009 but before Petitioner was sentenced on May 12, 2011. Accordingly, the Report concluded that Petitioner could not show that a Section 2255 Motion was inadequate or ineffective to challenge his conviction because the Skilling decision was available to Petitioner long before his Section 2255 Motion was ever filed and that, therefore, Petitioner could not bring himself within the savings clause as explained in In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997). Despite the 78 page long objections, the inescapable conclusion is that Skilling was available to Petitioner before his Section 2255 Motion was filed, as the Report notes and thus, Petitioner cannot show that a Section 2255 Motion was inadequate or ineffective and no hearing or no amendment can help him to otherwise overcome this jurisdictional bar. Nothing in the objections indicates that a hearing or an amendment could cure this jurisdictional deficiency. In so concluding, we rely on the cases cited by the Report: Garcia v. Warden Ft. Dix FCI, __ F. App'x __, __, 2014 WL 6891268, at *2 (3d Dec. 9, 2014) ("This claim could have been pursued in Garcia's 1997 § 2255 motion and thus it cannot be said that he had no prior opportunity to bring it."); Coleman v. Samuels, 218 F. App'x 178, 180 (3d Cir. 2007) ("Coleman's allegation that he is actually innocent of the predicate conviction set forth in the original indictment is not new and, in fact, was raised and addressed by the Fourth Circuit Court of Appeals on direct appeal and presented again in the § 2255 motion he filed with the District Court for the Western District of North

Carolina. Coleman himself acknowledges that the claim he presents in the underlying § 2241 petition is the same claim he has been arguing in the courts of the Fourth Circuit since 1995. . . . The exception identified in *In re Dorsainvil* is, thus, simply inapplicable and Coleman may not seek relief under § 2241.").

Accordingly, after de novo review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 3rd day of February 2015,

IT IS HEREBY ORDERED that the Petition is dismissed pre-service as jurisdictionally improper.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 5, filed on January 9, 2015, by Chief Magistrate Judge Kelly, is adopted as the opinion of the Court except for the single line in the Recommendation part that states "A certificate of appealability should be denied" ECF No. 5 at 1, given that the Report correctly stated in its conclusion that no certificate of appealability is needed in Section 2241 cases filed by federal prisoners. Id., at 9.

All pending motions are denied as moot, including the pending Motion for Bail, ECF No. 10. The Clerk is to mark the case closed.

Date: February 3, 2015

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

cc: The Honorable Maureen P. Kelly
Chief United States Magistrate Judge

Michael D. Pahutski
12411-058
Loretto Federal Correctional Institution
Inmate Mail/Parcels

3

P.O. Box 1000
Loretto, PA 15940